1
2
3
4
5
6

The Honorable Robert A. Jones

7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15

JANIS PEDERIS BRIEDIS, JIL LISA
PETERSON-BRIEDIS, and SAMBODHA,
INC., a Washington corporation,

                        Plaintiffs,

        v.

ROBERT J. SCOFIELD, also known as BE
SCOFIELD,

                        Defendant.

No. 2:19-cv-01494-RAJ

DEFENDANT'S ANSWER TO
FIRST AMENDED COMPLAINT

JURY TRIAL DEMANDED

16        For her answer to Plaintiffs' First Amended Complaint, Defendant Be Scofield admits,

17  denies and alleges as follows:

18                              **I.      PARTIES**

19        1.      Plaintiffs Janis Briedis and Jil Peterson-Briedis are individuals, married to each

20  other, residing in Orcas Island, San Juan County, Washington. They bring this action in

21  response to the false and defamatory article, "Aravindan Himdara and the Mysterious Orcas

22  Island Death of Carla Jean Shaffer" ("the Article"), that Defendant authored regarding

23  Plaintiffs and published on the Internet, which damages Plaintiffs' reputations, places them in a

24  false light, unreasonably intrudes upon their seclusion, and otherwise causes them injury. A

25  true and accurate copy of the Article is attached hereto as Exhibit A.

26        **ANSWER:**  Defendant admits plaintiffs Janis Briedis and Jil Peterson-Briedis are

27  married individuals residing in Orcas Island, San Juan County, Washington.  Defendant admits

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 1
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    she authored the Article attached to the First Amended Complaint as Exhibit A, and that she

2    posted the Article on the Internet.  Defendant denies the remaining allegations in paragraph 1.

3

4        2.        Plaintiff Sambodha, Inc., is a corporation owned and operated by Plaintiff Janis

5    Briedis with its principal place of business in Orcas Island, San Juan County, Washington. It

6    brings this action in response to the Article authored by Defendant regarding Plaintiffs and

7    published on the Internet which damages Plaintiff Sambodha, Inc.'s reputation in its industry,

8    places it in a false light, and otherwise causes it injury.

9        **ANSWER:**  Defendant admits plaintiff Sambodha, Inc. has its principal place of

10    business in San Juan County, Washington.  Defendant lacks information sufficient to admit or

11    deny the owner or operator of Sambodha, Inc.  Defendant denies the remaining allegations in

12    paragraph 2.

13

14        3.        Defendant Robert J. Scofield, also known as Be Scofield, is an individual, who

15    authored and published the Article on the Internet with the explicit and malicious intent to harm

16    Plaintiffs. The Article was published on a website operated by Defendant, and is located at the

17    following URL: https://gurumag.com/aaravindha-himadra-and-the-mysterious-orcas-island-

18    death-of-carla-jean-shaffer.

19        **ANSWER:**  Defendant denies her name is Robert J. Scofield.  Defendant admits she

20    published the Article on the Internet at https://gurumag.com/aaravindha-himadra-and-the-

21    mysterious-orcas-island-death-of-carla-jean-shaffer.  Defendant denies the remaining

22    allegations in paragraph 3.

23

24        **II.        JURISDICTION AND VENUE**

25        4.        This Court has subject matter jurisdiction under Rev. Code Wash. § 2.08.010.

26        **ANSWER:**  Defendant admits the Court has subject matter jurisdiction.

27

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 2
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

5.      This Court has personal jurisdiction because, upon information and belief, Defendant allegedly, personally researched the Article in Washington State and because the Article has been read by individuals throughout San Juan County and the State of Washington and because the harm caused by the Article was directed at Plaintiffs and because the Article in fact causes harm to Plaintiffs.

**ANSWER:**  Defendant admits she researched the article in Washington State. Defendant lacks information sufficient to admit or deny whether individuals in San Juan County or the State of Washington read the article and therefore denies the same.  Defendant denies the remaining allegations and legal conclusions in paragraph 5.

6.      Venue is proper in this Court under Rev. Code Wash. § 4.12.020 and/or CR 82(a)(3).

**ANSWER:**  Defendant admits venue is proper.


### III.      FACTUAL ALLEGATIONS

7.      On or about January 24, 2018, Defendant Scofield published the Article with the malicious intent of harming Plaintiffs.

**ANSWER:**  Defendant denies the allegations in paragraph 7.  Defendant further states she published the Article on or about January 24, 2019.

8.      The Article maliciously and falsely accuses Plaintiff Janis Briedis of, among other things, being a cult leader, sexual predator, and murderer, and engaging in abusive and criminal behavior, and other acts of moral turpitude.

**ANSWER:**  Defendant denies the allegations in paragraph 8.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 3
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

9.    The Article also maliciously and falsely accuses Plaintiff Jil Peterson-Briedis and Plaintiff Sambodha, Inc. of being somehow involved in or complicit with those criminal acts and other immoral behavior.

**ANSWER:**  Defendant denies the allegations in paragraph 9.

10.    The Article purports to be the result of an inadvertent investigation by Defendant of incidents occurring on or around the years 2005 and 2006 related to horrific injuries to and the untimely death of an Orcas Island resident named Carla Jean Shaffer. Despite the incidents being officially investigated by law enforcement and declared self-inflicted/suicide, Defendant inappropriately and misleadingly characterizes Ms. Shaffer's death as "unsolved."

**ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have adequately or accurately described it.  Defendant denies the allegations in paragraph 10.

11.    Throughout the Article, Defendant utilizes a litany of hearsay from various sources, many of whom are unidentified, and fragmented quotes to accuse Plaintiffs of causing Ms. Shaffer's violent injuries and ultimate death. Defendant fails to mention that Plaintiffs Janis Briedis and Jil Peterson-Briedis were visiting Europe at the time of Ms. Shaffer's self-inflicted attack.

**ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have adequately or accurately described it.  Defendant denies the allegations in paragraph 11.

12.    Through inference and intentional verbal maneuvering throughout the Article, Defendant characterizes Plaintiffs as a "cult" and falsely accuses them of physically injuring, sexually assaulting, and eventually murdering Ms. Shaffer.

**ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have adequately or accurately described it.  Defendant denies the allegations in paragraph 12.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 4
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2       13.      The Article also includes seven (7) photographs of Plaintiff Janis Briedis, which

3   are used without his consent.

4       **ANSWER:**  Defendant admits the Article contains photographs of Plaintiff Janis

5   Briedis.  Defendant denies the remaining allegations in paragraph 13.

6

7       14.      Plaintiffs are well respected, kind, non-violent, productive and positive members

8   of society who have dedicated their careers to helping others live happier and more mindful

9   lives.

10      **ANSWER:**  Defendant lacks information sufficient to admit or deny the allegations in

11  paragraph 14 and therefore denies them.

12

13      15.      The Article is abusive, harassing, derogatory, and defamatory, and was

14  published with the specific intent to ruin Plaintiffs' personal and professional reputations and

15  otherwise injure Plaintiffs.

16      **ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have

17  adequately or accurately described it.  Defendant denies the allegations in paragraph 15.

18

19      16.      As a result of Defendant's actions in authoring and publishing the Article,

20  Plaintiff have been irreparably harmed and continue to be harmed.

21      **ANSWER:**  Defendant denies the allegations in paragraph 16.

22

23              **IV.    CAUSES OF ACTION**

24  **Count I:  Defamation – Libel and Libel Per Se**

25      17.      Plaintiffs repeat and reallege each and every allegation contained above and

26  below as though fully set forth herein.

27

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 5
4837-5068-9433v.4 0201511-000001

1  **ANSWER:**  Defendant re-alleges her responses in paragraphs 1-16 as fully set forth

2  herein.

3

4  18.  Defendant intentionally and maliciously authored and published the Article

5  regarding Plaintiffs, which among other things falsely accuses them of criminal activity and

6  other acts of moral turpitude.

7  **ANSWER:**  Defendant admits she intentionally published the Article.  The Article

8  speaks for itself.  Defendant denies that Plaintiffs have adequately or accurately described it.

9  Defendant denies any remaining allegations in paragraph 18.

10

11  19.  Defendant authored and published the Article without privilege or authorization.

12  **ANSWER:**  Defendant denies the allegations in paragraph 19.

13

14  20.  The Article is false and defamatory because it does not describe real events that

15  actually occurred. Plaintiffs are not engaged in cult activity, nor do they participate in abusive

16  or criminal behavior. They were not responsible for and were in no way involved with the

17  injuries and ultimately death of Carla Jean Shaffer.

18  **ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have

19  adequately or accurately described it.  Defendant lacks information regarding Plaintiffs'

20  understanding of "cult activity," and lacks information sufficient to admit or deny whether

21  plaintiffs participate in abusive or criminal behavior, and whether they were involved with the

22  death of Carla Jean Shaffer, and Defendant therefore denies those allegations.  Defendant

23  denies any remaining allegations in paragraph 20.

24

25  21.  The Article constitutes libel per se as it exposes Plaintiffs to hatred, contempt,

26  ridicule or obloquy, deprives them of the benefit of public confidence or social intercourse, and

27  injures them in their business, trade, and profession.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 6
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have adequately or accurately described it.  Defendant denies the allegations in paragraph 21.

22.     Upon information and believe [sic], Defendant acted with actual malice in authoring and publishing the Article because the statements made, and impressions created by the Article are false and Defendant acted with reckless disregard as to their falsity. Upon information and belief, the Article was specifically published for the purpose of damaging Plaintiffs' reputation and injuring them in their trade, business and profession.

**ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have adequately or accurately described it.  Defendant denies the allegations in paragraph 22.

23.     Upon information and belief, the Article was read by residents of San Juan Count and the State of Washington.

**ANSWER:**  Defendant lacks information sufficient to admit or deny the allegations in paragraph 23 and therefore denies the same.

24.     As a direct and proximate result of the Article's publication, Plaintiffs have suffered significant reputational harm, shame, mortification and injury to their feelings, and they have sustained special and general damages, which damages shall be fully proven at the time of trial, including, but not limited to, loss of capital and revenue, lost productivity, mitigation and other expenses, and loss of intangible assets.

**ANSWER:**  Defendant denies the allegations in paragraph 24.

25.     Plaintiffs request a permanent injunction halting the continued dissemination of the Article, and further ordering Defendant to remove the Article from the Internet and request Google, Bing, Yahoo! and other search engine providers to remove the Article from their respective search results. Without a permanent injunction judgment of this Court, the Article

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

will continue to cause great and irreparable injury to Plaintiffs. Plaintiffs have no adequate

remedy at law for injuries that they are currently suffering and are likely to suffer as a result of

the Article and the fah and defamatory statements contained therein.

**ANSWER:** Paragraph 25 contains a prayer and legal conclusions that do not require a

response.  To the extent paragraph 25 contains factual allegations requiring a response,

Defendant denies the allegations in paragraph 25.

**Count II:  False Light Invasion of Privacy**

26.     Plaintiffs repeat and reallege each and every allegation contained above and

below as though fully set forth herein.

**ANSWER:** Defendant re-alleges her responses in paragraphs 1-25 as fully set forth

herein.

27.     Defendant authored and published the Article that has placed Plaintiffs in a false

light, including but not limited to falsely accusing them of assault, murder and other acts of

moral turpitude.

**ANSWER:** Defendant admits she authored and published the Article.  The Article

speaks for itself.  Defendant denies that Plaintiffs have adequately or accurately described it.

Defendant denies any remaining allegations in paragraph 27.

28.     Defendant authored and published the Article without privilege or authorization.

**ANSWER:** Defendant denies the allegations in paragraph 28.

29.     The Article authored and published by Defendant would be highly offensive to a

reasonable person and continues to be highly offensive to Plaintiffs, because the Article

unreasonably attack Plaintiffs' conduct and character in a manner that exceeds the bounds of

decency.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   **ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have

2   adequately or accurately described it.  Defendant denies the allegations in paragraph 29.

3

4   30.   Defendant knew that many of the statements made in and impressions created by

5   the Article are false or Defendant acted with reckless disregard as to their falsity.

6   **ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have

7   adequately or accurately described it.  Defendant denies the allegations in paragraph 30.

8

9   31.   The Article places Plaintiffs in a false light and was intended to and has caused

10  Plaintiffs ongoing mental anguish, suffering, and injury to their feelings.

11  **ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have

12  adequately or accurately described it.  Defendant denies the allegations in paragraph 31.

13

14  32.   As a direct and proximate result of the publication of the Article, Plaintiffs have

15  suffered significant reputational harm, shame, mortification and injury to their feelings and

16  sustained special and general damages, which damages shall be fully proven at the time of trial,

17  including, but not limited to, loss of capital and revenue, lost productivity, mitigation and other

18  expenses, and loss of intangible assets.

19  **ANSWER:**  Defendant denies the allegations in paragraph 32.

20

21  33.   Plaintiffs request a permanent injunction halting the continued dissemination of

22  the Article described herein, and further ordering Defendant to remove the Article from the

23  Internet and request Google, Bing, Yahoo! and other search engine providers to remove the

24  Article from their respective search results. Without a permanent injunction judgment of this

25  Court, the Article will continue to cause great and irreparable injury to Plaintiffs and Plaintiffs

26  have no adequate remedy at law for injuries that they are currently suffering and are likely to

27  suffer as a result of the Article.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 9
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    **ANSWER:**  Paragraph 33 contains a prayer and legal conclusions that do not require a

2    response.  To the extent paragraph 33 contains factual allegations requiring a response,

3    Defendant denies the allegations in paragraph 33.

4

5    **Count III:  Intrusion Invasion of Privacy**

6    34.    Plaintiffs repeat and reallege each and every allegation contained above and

7    below as though fully set forth herein.

8    **ANSWER:**  Defendant re-alleges her responses in paragraphs 1-33 as fully set forth

9    herein.

10

11   35.    Defendant intentionally intruded upon the seclusion and private affairs of

12   Plaintiffs through a course of conduct, as described above, which seriously alarms, annoys and

13   harasses Plaintiffs.

14   **ANSWER:**  Defendant denies the allegations in paragraph 35.

15

16   36.    Defendant's intrusion identified the Plaintiffs and has been substantial.

17   **ANSWER:**  Defendant denies the allegations in paragraph 36.

18

19   37.    Defendant's intrusion would be highly offensive to a reasonable person.

20   **ANSWER:**  Defendant denies the allegations in paragraph 37.

21

22   38.    Defendant's intrusion is intended to and has caused Plaintiffs ongoing mental

23   anguish and suffering and injury to their feelings.

24   **ANSWER:**  Defendant denies the allegations in paragraph 38.

25

26   39.    As a direct and proximate result of Defendant's conduct described herein,

27   Plaintiffs have suffered significant reputational harm, shame, mortification and injury to his

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 10
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

feelings and sustained special and general damages, which damages shall be fully proven at the time of trial, including, but not limited to, loss of capital and revenue, lost productivity, mitigation and other expenses, and loss of intangible assets.

**ANSWER:**  Defendant denies the allegations in paragraph 39.

40.     Plaintiffs request a permanent injunction halting the continued and repeated intrusions upon their seclusion described herein, and further ordering Defendant to remove the Article from the Internet and request Google, Bing, Yahoo! and other search engine providers to remove the Article from their respective search results. Without a permanent injunction judgment of this Court, the Article will continue to cause great and irreparable injury to Plaintiffs and Plaintiffs have no adequate remedy at law for injuries that they are currently suffering and are likely to suffer as a result of Defendant's conduct alleged herein.

**ANSWER:**  Paragraph 40 contains a prayer and legal conclusions that do not require a response.  To the extent paragraph 40 contains factual allegations requiring a response, Defendant denies the allegations in paragraph 40.

**Count IV:  Injurious Falsehood**

41.     Plaintiffs repeat and reallege each and every allegation contained above and below as though fully set forth herein.

**ANSWER:**  Defendant re-alleges her responses in paragraphs 1-41 as fully set forth herein.

42.     Defendant authored and published the Article with the intent to cause harm to Plaintiff Sambodha Inc.

**ANSWER:**  Defendant admits she authored and published the Article.  The Article speaks for itself.  Defendant denies that Plaintiffs have adequately or accurately described it. Defendant denies any remaining allegations in paragraph 42.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 11
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2      43.     Defendant authored and published the Article with actual knowledge of the

3  falsity or reckless disregard as to the falsity of the statements contained therein.

4      **ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have

5  adequately or accurately described it.  Defendant denies the allegations in paragraph 43.

6

7      44.     Defendant authored and published the Article intentionally, spitefully and with

8  ill will towards Plaintiff Sambodha, Inc.

9      **ANSWER:**  Defendant admits she intentionally authored and published the Article.

10  Defendant denies the remaining allegations in paragraph 44.

11

12      45.     As a direct and proximate result of Defendant's conduct described herein,

13  Plaintiff Sambodha, Inc. has suffered significant reputational harm and sustained special and

14  general damages, which damages shall be fully proven at the time of trial, including, but not

15  limited to, loss of capital and revenue, lost productivity, mitigation and other expenses, and loss

16  of intangible assets.

17      **ANSWER:**  Defendant denies the allegations in paragraph 45.

18

19      46.     Plaintiff Sambodha Inc. requests a permanent injunction halting the continued

20  dissemination of the Article, and further ordering Defendant to remove the Article from the

21  Internet and request Google, Bing, Yahoo! and other search engine providers to remove the

22  Article from their respective search results. Without a permanent injunction judgment of this

23  Court, the Article will continue to cause great and irreparable injury to Plaintiff and Plaintiff

24  has no adequate remedy at law, for injuries that it is currently suffering and is likely to suffer as

25  a result of Defendant's conduct alleged herein.

26

27

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 12
4837-5068-9433v.4 0201511-000001

1    **ANSWER:**  Paragraph 46 contains a prayer and legal conclusions that do not require a

2    response.  To the extent paragraph 46 contains factual allegations requiring a response,

3    Defendant denies the allegations in paragraph 46.

4

5    **Count V:  Tortious Interference**

6        47.    Plaintiffs repeat and reallege each and every allegation contained above and

7    below as though fully set forth herein.

8        **ANSWER:**  Defendant re-alleges her responses in paragraphs 1-46 as fully set forth

9    herein.

10

11        48.    Plaintiffs have existing business relationships with customers and other persons

12    relating to their business.

13        **ANSWER:**  Defendant lacks information sufficient to admit or deny the allegations in

14    paragraph 48 and therefore denies the same.

15

16        49.    Plaintiffs have a reasonable expectation of future professional relationships with

17    existing customers, prospective customers, employees and others with whom Plaintiffs do

18    business or with whom Plaintiffs may reasonably expect to do business. This expectancy is

19    based, in part, on the considerable time, energy and resources it takes to develop the goodwill

20    and reputation associated with Plaintiffs professional reputations.

21        **ANSWER:**  Defendant lacks information sufficient to admit or deny the allegations in

22    paragraph 49, and therefore denies the same.

23

24        50.    Upon information and belief, Defendant was aware of Plaintiffs' existing and/or

25    prospective professional and business relationships.

26        **ANSWER:**  Defendant denies the allegations in paragraph 50.

27

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 13
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

51.     As described herein, Defendant intentionally and/or purposefully interfered with Plaintiffs' existing and prospective relationships by intentionally authoring and publishing the Article.

**ANSWER:**  The Article speaks for itself.  Defendant denies that Plaintiffs have adequately or accurately described it.  Defendant denies the allegations in paragraph 51.

52.     Defendant communicated the Article of and concerning Plaintiffs to third persons via the Internet and/or intentionally made the Article accessible to third persons on the Internet without password protection.

**ANSWER:**  Defendant admits she published the Article on the Internet, and that no password was required to view the Article.  Defendant denies any remaining allegations in paragraph 52.

53.     Plaintiffs' damages include but are not limited to, general damages, economic damages such as lost profits, online remediation related costs, and out-of-pocket expenses, exemplary damages, court costs and interest.

**ANSWER:**  Defendant denies the allegations in paragraph 53.

54.     Plaintiffs request a permanent injunction halting the continued dissemination of the Article, and further ordering Defendant to remove the Article from the Internet and request Google, Bing, Yahoo! and other search engine providers to remove the Article from their respective search results. Without a permanent injunction judgment of this Court, the Article will continue to cause great and irreparable injury to Plaintiffs and Plaintiffs have no adequate remedy at law for injuries that they are currently suffering and are likely to suffer as a result of Defendant's conduct alleged herein.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 14
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**ANSWER:** Paragraph 54 contains a prayer and legal conclusions that do not require a response. To the extent paragraph 54 contains factual allegations requiring a response, Defendant denies the allegations in paragraph 54.

**Count VI:   Intentional Infliction of Emotional Distress**

55.     Plaintiffs repeat and reallege each and every allegation contained above and below as though fully set forth herein.

**ANSWER:** Defendant re-alleges her responses in paragraphs 1-54 as fully set forth herein.

56.     In authoring and publishing the Article, Defendant acted recklessly and with the intent to cause severe emotional distress to Plaintiffs.

**ANSWER:** The Article speaks for itself. Defendant denies that Plaintiffs have adequately or accurately described it. Defendant denies the allegations in paragraph 56.

57.     Defendants [sic] conduct in authoring and publishing the Article was extreme and outrageous and resulted in severe emotional distress to Plaintiffs, beyond mere annoyance, inconvenience, and embarrassment.

**ANSWER:** The Article speaks for itself. Defendant denies that Plaintiffs have adequately or accurately described it. Defendant denies the allegations in paragraph 57.

58.     As a result of Defendant's conduct, Plaintiffs have suffered damages including but not limited to, general damages, economic damages such as lost profits, online remediation related costs, and out-of-pocket expenses, exemplary damages, court costs and interest.

**ANSWER:** Defendant denies the allegations in paragraph 58.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

59.     Plaintiffs request a permanent injunction halting the continued dissemination of the Article, and further ordering Defendant to remove the Article from the Internet and request Google, Bing, Yahoo! and other search engine providers to remove the Article from their respective search results. Without a permanent injunction judgment of this Court, the Article will continue to cause great and irreparable injury to Plaintiffs and Plaintiffs have no adequate remedy at law for injuries that they are currently suffering and are likely to suffer as a result of Defendant's conduct alleged herein.

**ANSWER:**  Paragraph 59 contains a prayer and legal conclusions that do not require a response.  To the extent paragraph 59 contains factual allegations requiring a response, Defendant denies the allegations in paragraph 59.

## DEFENDANT'S AFFIRMATIVE DEFENSES

60.     Defendant asserts the following defenses without assuming any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiffs. Defendant reserves the right to amend or supplement its defenses.

### First Affirmative Defense

61.     Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

62.     Plaintiffs' claims are barred in whole or in part by the failure to mitigate damages, if any.

## PRAYER FOR RELIEF

WHEREFORE, having answered, as stated above, Defendant requests a judgment in its favor, as follows:

1.     That Plaintiffs take nothing from their Complaint;

2.     The claims set forth in Plaintiffs' First Amended Complaint be dismissed, in their entirety, with prejudice;

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    3.    The Court award such other relief as is just and proper under the circumstances.

2    DATED this 25th day of September, 2019.

3                                        Davis Wright Tremaine LLP
4                                        Attorneys for Defendant

5                                        By s/ Tim Cunningham
6                                           Tim Cunningham, WSBA # 50244
                                            Ambika K. Doran, WSBA # 38237
7                                           920 Fifth Avenue, Suite 3300
                                            Seattle, WA  98104-1610
8                                           Telephone: 206-757-8030
                                            Fax: 206-757-7030
9                                           E-mail: timcunningham@dwt.com
                                            E-mail: ambikadoran@dwt.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 17
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 25th day of September, 2019.

Davis Wright Tremaine LLP
Attorneys for Defendant


By s/ Tim Cunningham
    Tim Cunningham, WSBA # 50244
    Ambika K. Doran, WSBA # 38237
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: 206-757-8030
    Fax: 206-757-7030
    E-mail: timcunningham@dwt.com
    E-mail: ambikadoran@dwt.com

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
(No. 2:19-cv-01494-RAJ) - 18
4837-5068-9433v.4 0201511-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax